[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 275.]

CHUBB, APPELLANT, *v*. OHIO BUREAU OF WORKERS' COMPENSATION,
APPELLEE.

[Cite as *Chubb v. Ohio Bur. of Workers' Comp.*, 1998-Ohio-628.]

*Public employment—In an appeal pursuant to R.C. 124.34 by a terminated public
employee who claims classified status, the state may assert defenses of
waiver and estoppel, when.*

In an appeal pursuant to R.C. 124.34 by a terminated public employee who claims
classified status, the state may assert defenses of waiver and estoppel if the
employee has accepted appointment to a position designated as unclassified
and also has accepted the benefits of that unclassified position, regardless
of whether the employee's actual job duties fall within the classified status.

(No. 96-2511—Submitted December 3, 1997—Decided March 25, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 96APE03-292.

———————————

{¶ 1} Appellant, Kathryn A. Chubb, became employed by the Ohio Bureau
of Workers' Compensation ("BWC") in the classified position of "Attorney 2" on
April 6, 1992. A year later, she was promoted to "Attorney 3," another classified
position. It is undisputed that in February 1994, Chubb gave notice to her
supervisor, Philip Donner, that she was leaving the BWC for a position with the
Industrial Commission of Ohio. In response, Donner offered to match her new
salary in order to prevent her from leaving. Because there was no classified position
available in Donner's section, Donner "borrowed" an unclassified administrative
staff position from another department to effectuate the raise he offered to Chubb.
The borrowed position had been posted as an unclassified position for an attorney
labeled "Administrative Staff." Chubb accepted the administrative staff position
and remained in Donner's section.

**{¶ 2}** On December 7, 1994, to resolve a discipline charge made against her, Chubb entered into a settlement agreement with the BWC related to allegations that she destroyed state payroll documents, used BWC personnel to complete personal work assignments related to her private business interest, and personally conducted private business on state time with state equipment. The agreement stated in part:

"The employee [Chubb] acknowledges that she will be assigned to work in the Cleveland area for BWC. She understands that this work assignment will be in the unclassified service (as is her current position) and that currently it will be in the law division. She understands that her salary will remain at its current level."

**{¶ 3}** On February 16, 1995, Chubb's employment with the BWC was terminated, effective immediately, with no reason given because she was considered an unclassified employee.

**{¶ 4}** Pursuant to R.C. 124.34, Chubb appealed her termination to the State Personnel Board of Review ("SPBR"). The SPBR scheduled a hearing to determine whether Chubb was a classified or an unclassified employee at the time of her removal. Following a pre-hearing on July 18, 1995, at which the parties presented exhibits, the presiding Administrative Law Judge ("ALJ") issued a report and recommendation that Chubb's appeal be dismissed for lack of jurisdiction because her position was exempt from classified service. The SPBR adopted the ALJ's recommendation and ordered that the appeal be dismissed for lack of subject matter jurisdiction.

**{¶ 5}** Chubb appealed to common pleas court. She argued that she was entitled to an opportunity to demonstrate that she was a classified employee so as to establish jurisdiction with SPBR. The BWC advanced the argument that Chubb should be estopped from claiming the protection of the classified service because she knew that the position was unclassified and she reaped the benefits of the unclassified position.

2

**{¶ 6}** Upon consideration of written briefs, the trial court reversed and remanded the matter to the SPBR with instructions to conduct a hearing on whether Chubb's actual job duties rendered her a classified or unclassified employee. The court disapproved the BWC's use of the doctrine of estoppel to preclude civil service protection, except in cases where the employee's actual job duties make the position exempt under R.C. 124.11.

**{¶ 7}** The appellate court affirmed the trial court's remand for a hearing, but it reversed the trial court's finding on the use of estoppel. The court described the estoppel doctrine, as it relates to civil service disputes, as "a hybrid of the concepts of estoppel and waiver." The court explained that the doctrine should apply when the employee "knowingly and voluntarily relinquish[es] the protections of the classified service." The appellate court explained that the employee's actual job duties need not fall within those of an unclassified position for the doctrine to be applied to estop the employee from denying his unclassified status. The court reasoned that, to find otherwise, would eviscerate the estoppel doctrine.

**{¶ 8}** The appellate court held that "a civil service employee, who knowingly and voluntarily: (1) accepts appointment to a position designated as unclassified, (2) accepts the benefits of that unclassified position, and (3) waives the protections of the classified service, cannot later claim the benefits of the classified service, regardless of whether the employee's actual job duties fall within the classified service."

**{¶ 9}** The cause is now before this court upon the allowance of a discretionary appeal.

_____

*Berkman, Gordon, Murray & De Van, J. Michael Murray, Larry S. Gordon* and *Susan C. Margulies,* for appellant.

*Betty D. Montgomery,* Attorney General, *Kevin L. Murch* and *Jack W. Decker,* Assistant Attorneys General, for appellee.

**LUNDBERG STRATTON, J.**

{¶ 10} We are asked to determine whether the state may assert the doctrines of waiver and estoppel in an appeal by a public employee seeking to claim the statutory protection of classified civil service following the termination of employment. For the reasons that follow, we affirm the judgment of the court of appeals and hold that, in an appeal pursuant to R.C. 124.34 by a terminated public employee who claims classified status, the state may assert defenses of waiver and estoppel if the employee has accepted appointment to a position designated as unclassified and also has accepted the benefits of that unclassified position. We also hold that the employee's actual job duties need not fall within the unclassified status in order for waiver or estoppel to apply.

{¶ 11} Ohio's civil service scheme is embedded in the Ohio Constitution and enacted in R.C. Chapter 124. Civil service employees are divided into classified and unclassified positions. Unlike unclassified employees, those employed in the classified service may be removed for good cause only according to the procedures enumerated in R.C. 124.34 and related rules and regulations. The classified civil servant may appeal termination of employment whereas the unclassified employee is not affected by these statutory and regulatory procedures.

{¶ 12} Throughout this appeal, Chubb's focus has been from the perspective of a classified employee. She contends that the doctrines of waiver and estoppel are inconsistent with civil service statutes, and that state law and the public policy embedded in civil service prohibit the use of these doctrines by a state agency to thwart a public employee's attempt to gain the protections afforded one in the classified service. Chubb relies on *Yarosh v. Becane* (1980), 63 Ohio St.2d 5, 17 O.O.3d 3, 406 N.E.2d 1355, as support for her proposition that the state is precluded from advancing an estoppel defense. Chubb acknowledges that *Yarosh*

does not expressly consider the estoppel defense; however, she contends that the defense was implicitly considered and rejected.

{¶ 13} In *Yarosh,* fourteen deputy sheriffs appealed the termination of their employment. The SPBR determined that the deputies were classified employees and ordered that they be reinstated to their former positions. The sheriff averred that the deputies could not be considered classified employees because they did not take the civil service examination. Implicitly, this raised an estoppel defense.

{¶ 14} We rejected the sheriff's theory on the basis that that the sheriff could not assert against the employees their failure take the civil service examination to preclude the deputies from the rights afforded them by statute when the failure was the result of the *sheriff's* neglect of his statutory duty to administer the examination. *Yarosh v. Becane*, 63 Ohio St.2d at 14, 17 O.O.3d at 9, 406 N.E.2d at 1362. However, we did not disapprove of the use of the theory. Consequently, we do not find Chubb's reliance upon *Yarosh* as persuasive.

{¶ 15} We recognize the importance of the civil service system and the benefits it affords to individuals employed as civil servants. However, we find that, if a public employee has served in an unclassified position and has enjoyed the benefits of the unclassified status such as increased salary, then as a matter of equity and fairness, the employee should be precluded from claiming classified status in order to receive the statutory benefits afforded classified civil servants. If the employee knowingly and voluntarily accepted appointment to an unclassified position and reaped other benefits such as higher wages, the employee has voluntarily relinquished the statutory rights and protections of civil service status.

{¶ 16} A waiver is a voluntary relinquishment of a known right. *State ex rel. Athens Cty. Bd. of Commrs. v. Gallia, Jackson, Meigs, Vinton Joint Solid Waste Mgt. Dist. Bd. of Directors* (1996), 75 Ohio St.3d 611, 616, 665 N.E.2d 202, 207. It applies generally to all personal rights and privileges. *Id*., citing *Sanitary Commercial Serv., Inc. v. Shank* (1991), 57 Ohio St.3d 178, 180, 566 N.E.2d 1215,

1218. Waiver assumes one has an opportunity to choose between either relinquishing or enforcing of the right. A waiver may be enforced by the person who had a duty to perform and who changed his or her position as a result of the waiver. *Andrews v. State Teachers Retirement Sys. Bd.* (1980), 62 Ohio St.2d 202, 205, 16 O.O.3d 240, 242, 404 N.E.2d 747, 749.

{¶ 17} Although waiver is typical of estoppel, estoppel is a separate and distinct doctrine. With estoppel, it is not necessary to intend to relinquish a right. "Equitable estoppel prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 34, 641 N.E.2d 188, 196. Thus, estoppel involves the conduct of both parties, whereas waiver depends upon what one intends to do.

{¶ 18} In an action by the employee asserting classified status, the state is entitled to maintain that the public employee should be estopped from claiming the protections of classified civil service. This would include assertion of the doctrine of waiver based upon the public employee's knowing and voluntary accepting of the benefits of an unclassified position. Nothing in the statutory scheme of civil service precludes the use of the defenses of waiver and estoppel in an appeal by a public employee. For us to create such a rule would unfairly interfere with the state's ability to defend.

{¶ 19} The burden remains upon the state agency to prove that waiver or estoppel should apply. We cite with approval a number of cases before Ohio courts of appeals in which these doctrines have been relied upon in civil service disputes. *Beery v. Bd. of Chiropractic Examiners* (1990), 66 Ohio App.3d 206, 583 N.E.2d 1083; *Boston v. Ohio Dept. of Human Serv.* (Dec. 20, 1994), Franklin App. Nos. 94APE06-914 and 94APE06-915, unreported, 1994 WL 714570; *Westfall v. Ohio Dept. of Commerce* (Jan. 25, 1994), Franklin App. No. 93AP-1067, unreported, 1994 WL 21860; *Hitchens v. Ohio Dept. of Transp.* (Oct. 14, 1993), Franklin App.

No. 93AP-315, unreported, 1993 WL 418368; *Mingyar v. Ohio Dept. of Dev.* (Aug. 31, 1993), Franklin App. No. 92AP-1795, unreported, 1993 WL 342569; *Univ. of Cincinnati v. Simpson* (Dec. 27, 1988), Clermont App. No. CA88-05-045, unreported, 1988 WL 139124.

{¶ 20} The state need not demonstrate that the public employee's actual job duties fall within an unclassified position before the defenses of waiver and estoppel may be asserted to deny the employee classified status. We agree with the reasoning of the court below that such a requirement would eviscerate the doctrines. If the employee's actual job duties fall within unclassified status, then there would be no need to argue waiver or estoppel in an appeal because the SPBR has no jurisdiction over an unclassified employee. It is precisely this situation, where the public employee's job duties arguably fall within the description of a classified position, that the state would have the occasion to assert the defenses of waiver and estoppel.

{¶ 21} Therefore, in an appeal pursuant to R.C. 124.34 by a terminated public employee who claims classified status, the state may assert the defenses of waiver and estoppel if the employee has accepted appointment to a position designated as unclassified and has accepted the benefits of that unclassified position, regardless of whether the employee's actual job duties fall within the classified status.

{¶ 22} Accordingly, the court of appeals correctly remanded this matter to the trial court with instructions to remand to the SPBR. We affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., and PFEIFER, J., concur.

COOK, J., concurs in the syllabus and judgment only.

DOUGLAS, J., dissents.

RESNICK and F.E. SWEENEY, JJ., dissent and would reverse the judgment of the court of appeals and reinstate the judgment of the trial court.

_____