OPINION
{¶ 1} Amy Schaeffer is appealing the decision of the Greene County Court of Common Pleas granting Nationwide Mutual Insurance Company's motion for summary judgment.
{¶ 2} Schaeffer sustained injuries from an accident occurring on September 4, 1995, in which she was a passenger in a vehicle that had made an illegal u-turn and had collided with another car. At the time of the accident, Schaeffer's parents, Daniel and Joyce Schaeffer, were the named insureds in an insurance policy with Nationwide. In that policy, Schaeffer was described as a principal driver of one of the insured vehicles, however she was not a "named insured" under the declarations provision of the policy. Additionally, Schaeffer was not residing in her parents' home at the time of the accident.
{¶ 3} Schaeffer contacted Nationwide after the accident. She claims that Nationwide informed her that she would have to contact the driver's insurance company regarding coverage for her medical bills. Thereafter, Schaeffer discovered that the driver was not insured. Schaeffer again contacted Nationwide, and a representative allegedly told her that because she had not been in her own car during the accident, she was not insured. After speaking with several other people not affiliated with Nationwide, Schaeffer became concerned that she was not receiving accurate information from Nationwide regarding the amount of insurance coverage she should have received from the accident. Schaeffer also claimed that one Nationwide representative informed her that he could not work with her until she terminated contact with her attorney. During the year following the accident, Nationwide paid approximately $1,100.00 worth of Schaeffer's medical bills arising from the accident.
{¶ 4} On August 23, 1997, Schaeffer filed a complaint in the Greene County Court of Common Pleas against Nationwide and other related parties. At issue were Schaeffer's allegations that she suffered lost wages and incurred medical bills as a result of the accident, and that Nationwide acted in bad faith in its dealings with her. Nationwide denied the allegations and filed a motion for summary judgment on July 2, 2001.
{¶ 5} In its motion, Nationwide argued that Schaeffer was not an "insured" under the relevant policy at the time of the accident. The policy was issued to Daniel and Joyce Schaeffer at 2328 Glenheath Drive in Kettering, Ohio. At the time of the accident, Schaeffer did not reside with her parents, but lived in an apartment at 4602 Bayberry Court in Bellbrook, Ohio. The policy states "We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative. Damages must result from an accident arising out of the: 1. ownership; 2. maintenance; or 3. use; of the uninsured motor vehicle." "Relative" is defined within the policy as "one who regularly lives in your household and who is related to you by blood, marriage, or adoption." Because Schaeffer was not a named insured of the policy and because she was not living with her parents, Nationwide contended that summary judgment was due, as there was no question that she was not covered by the policy. Accordingly, because she was not insured, Nationwide also urged the trial court to grant summary judgment on Schaeffer's claim of bad faith.
{¶ 6} Schaeffer filed a motion contra to the motion for summary judgment, arguing that Nationwide was estopped from arguing that Schaeffer was not covered under the policy because it had waived this argument by not asserting it during arbitration. Furthermore, she contended that whether Nationwide's actions constituted bad faith was a question that remained for the jury to decide.
{¶ 7} In the trial court's November 9, 2001 decision granting Nationwide's motion for summary judgment, the trial court agreed with Nationwide's interpretation of the policy and found that because Schaeffer did not reside with her parents at the time of the accident, she was not an insured under her parents' policy. The court discarded Schaeffer's argument that Nationwide was estopped from asserting that Schaeffer was not covered under the insurance policy, because waiver cannot be used to expand a policy's coverage. Moreover, the trial court noted that Schaeffer had failed to respond to Nationwide's claims that she was not insured under the policy, thus no genuine issues of material fact remained regarding coverage under the policy. Finally, the trial court held that in order for recovery to be made in a bad faith claim, an individual must have been insured, which was not the case here.
{¶ 8} Schaeffer now appeals the trial court's decision, asserting four assignments of error.
 I.
{¶ 9} "The trial court erred to the prejudice of Appellant by granting Appellee's motion for summary judgment."
{¶ 10} When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 1996-Ohio-336. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools Bd. ofEdn. (1997), 122 Ohio App.3d 378, 383, citing Dupler v. Mansfield JournalCo. (1980), 64 Ohio St.2d 116, 119-120, 18 O.O.3d 354, 356-357. Thus, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
{¶ 11} Summary judgment can be appropriately granted where (1) "there is no genuine issue as to any material fact; (2) * * * the moving party is entitled to judgment as a matter of law; and (3) * * * reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor."Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64,66, 8 O.O.3d 73, 74; see, also, Civ.R. 56(C). The movant has the burden to prove that no genuine issues of material fact exist by specifically pointing to evidence in the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which show that the non-movant has no evidence to support its claims. Harless, supra; Dresherv. Burt (1996), 75 Ohio St.3d 280, 293, 1996-Ohio-107; Civ.R. 56(C).
{¶ 12} In this case, Schaeffer contends that she presented sworn testimony upon which a jury could have reasonably concluded that she had entered into a valid contract with Nationwide for insurance on her vehicle in June of 1994. Schaeffer argues that the Nationwide representative, Jerry Singleton, had known that Schaeffer had not been residing with her parents at the time the policy was issued. Even though Schaeffer was informed after the accident that she was not covered because the accident had not occurred while she was in her car, Nationwide paid a portion of her medical bills during the year following the accident. Schaeffer argues that there is a question of fact regarding whether Nationwide's agent correctly integrated the agreement of the parties into the insurance contract, and whether Schaeffer should be eligible for uninsured motorist coverage under said policy.
{¶ 13} We reject this unsupported allegation.
{¶ 14} The interpretation of an insurance policy involves a question of law. Leber v. Smith (1994), 70 Ohio St.3d 548, 553,1994-Ohio-361. Hence, the determination of who is a "named insured" under an insurance policy is a question of law. Auto-Owners Mut. Ins. Co. v.Andrews (Dec. 20, 1991), Huron App. No. H-91-15. If the provisions of an insurance policy are uncertain, ambiguous, or have more than one interpretation, they will be construed strictly against the insurer and liberally in favor of the insured. King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, syllabus.
{¶ 15} In this case, we must first examine who is a "named insured" under the policy. The court in Auto-Owners, supra, stated the following law on the determination of a "named insured" in an insurance policy:
{¶ 16} "A named insured is, `* * * the person specifically designated in the policy as the one protected and, commonly, it is the person with whom the contract of insurance has been made.' * * * `[T]wo descriptive expressions are used in automobile policies to designate persons covered by insurance, `named insured' and `insured' * * *, whenever the description `named insured' is used, only the person named in the declaration of the policy is meant.'" (Citations omitted.)
{¶ 17} The record in this case demonstrates that Schaeffer was not a named insured under the policy at issue. On the declarations page of the policy, "Daniel M. and Joyce A. Schaeffer" are the sole names listed under the "named insured" provision. While Schaeffer's characteristics are presented under the "Vehicle Classification" provision listing the principal drivers, her name is not listed along with her parents' names on the declarations page. For this reason, we find that Schaeffer was not a "named insured" in the insurance policy issued by Nationwide.
{¶ 18} However, Schaeffer argues that it was the parties' intent for her to be a named insured under the policy because Singleton had created the insurance policy knowing that Schaeffer did not reside with her parents, and Schaeffer had paid the premiums for this coverage.
{¶ 19} Schaeffer compares the facts in this case to those inAuto-Owners, supra, in which the court found that although the plaintiff was not listed as a named insured, she "should have been" listed, as it was the intent of the parties. The Auto-Owners court noted that the appellant, Marian Andrews, had provided the trial court with sufficient evidence to demonstrate that the intent of the parties was to make Andrews a named insured, even though her name was absent from the declarations page of the insurance policy:
{¶ 20} "[A]ppellants point to the uncontroverted facts that (1) a long-standing course of conduct existed between appellants and appellee's agent wherein appellant Marian Andrews was a named insured on a previous policy, (2) appellee or its agents issued an insurance card to appellant Marian Andrews denominating her an insured, (3) appellee's agent provided billing in the names of both appellants, (4) prior to appellants' filing a claim, appellee added the name of Marian Andrews as a named insured, and (5) the Lebaron automobile, titled solely in Marian Andrews' name, was an insured vehicle under the policy."
{¶ 21} We can easily distinguish this case from Auto-Owners, as Schaeffer failed to provide evidence that the parties intended her to be included as a named insured. Schaeffer only produced an affidavit by her mother along with her own deposition testimony to support her theories. She has failed to produce any record of payment or any documentation of Singleton's alleged knowledge of the situation. Furthermore, Schaeffer failed to produce proof of a long-standing course of conduct, an insurance card, proof of payment of the insurance premiums, proof that Schaeffer was later added as a named insured, or proof that the vehicle listed under the vehicle classification was titled to her and not to her parents. In fact, she admitted that Nationwide terminated all insurance with her not long after the accident.
{¶ 22} Because Schaeffer is not a named insured, the other alternative to obtain uninsured motorist coverage under the policy would be through the "you or a relative" language. The policy at issue states "We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an uninsured motor vehicle because of bodily injury suffered by you or a relative. Damages must result from an accident arising out of the: 1. ownership; 2. maintenance; or 3. use; of the uninsured motor vehicle." (Emphasis added.) "Relative" is defined within the policy as "one who regularly lives in your household and who is related to you by blood, marriage, or adoption." As Schaeffer admittedly did not reside with her parents at the time of the accident, she is not a "relative" under this portion of the policy, and thus is not an insured under the policy.
{¶ 23} Based upon the above discussion, we find the trial court did not err in granting Nationwide's motion for summary judgment, as Schaeffer was not an insured under the policy.
 II.
{¶ 24} "The trial court erred to the prejudice of Appellant by failing to recognize that there is an issue of estoppel that at the very least should be a jury issue."
{¶ 25} The trial court struck down Schaeffer's contention that the doctrine of waiver should be employed to expand the coverage of an insurance policy. However, on appeal, Schaeffer asserts that it was the doctrine of estoppel, not waiver, under which she should gain relief. According to Schaeffer, Nationwide's payment of Schaeffer's medical bills, coupled with Nationwide's "actions * * * from May 5, 1996 on," in which Nationwide "recognized" that Schaeffer was covered under the uninsured motorist provision, estopped Nationwide from claiming that she was not insured at the time of the accident.
{¶ 26} Nationwide asserts that because Schaeffer had not raised the issue of estoppel prior to this, she should not be allowed to raise this issue on appeal. After reviewing the record, we agree with Nationwide that Schaeffer had not properly raised the issue of estoppel in the pleadings. Schaeffer neither raised such a theory of recovery nor did she remotely suggest it. To the contrary, Schaeffer conceded in paragraph 13 of her complaint that "said Representative [of Nationwide] advised her that there was no coverage available to her under said policy," and in the paragraph 14 she stated that Nationwide initially refused to pay her medical bills. (Doc. No. 1, p. 3.)
{¶ 27} Most courts, including this court, recognize that estoppel must be raised in the complaint. McCarthy, Lebit, Crystal Haiman Co.,L.P.A. v. First Union Mgt., Inc. (1993), 87 Ohio App.3d 613; Jones v. R/PInt'l Tech., Inc. (Sept. 27, 1995), Hamilton App. No. C-940567;Beaverpark Assocs. v. Larry Stein Realty Co. (Aug. 30, 1995), Montgomery App. No. 14950. We find that Schaeffer did not specifically plead estoppel in her complaint. To the contrary, the inclusion of paragraphs 13 and 14 would not have had the effect of even placing Nationwide on notice that Schaeffer had had an estoppel argument.
{¶ 28} Regardless, we find that Schaeffer's estoppel claim would have failed. Equitable estoppel "prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." Chubbv. Ohio Bur. of Workers' Comp. (1998), 81 Ohio St.3d 275, 279,1998-Ohio-628, quoting State ex rel. Chavis v. Sycamore City SchoolDist. Bd. of Edn. (1994), 71 Ohio St.3d 26, 34, 1994-Ohio-24.
{¶ 29} No evidence was produced that Nationwide acknowledged that Schaeffer was covered under the uninsured motorist provision of the policy. Additionally, Schaeffer has not shown detrimental reliance upon Nationwide's alleged actions. Accordingly, Schaeffer's second assignment of error is overruled.
 III.
{¶ 30} "The trial court committed error prejudicial to the Appellant by failing to rule on her motion to amend her complaint."
{¶ 31} Schaeffer contends that the trial court committed reversible error in failing to grant her motion to amend her complaint to include a breach of contract claim. According to Schaeffer, not only did the trial court fail to rule on the motion, but it abused its discretion in effectively denying the motion.
{¶ 32} We first note that "[w]hen a trial court fails to rule upon a motion, it will be presumed that it was overruled." Gosden v. Louis
(1996), 116 Ohio App.3d 195, 222, quoting Georgeoff v. O'Brien (1995),105 Ohio App.3d 373. Therefore, we must presume that the trial court denied Schaeffer's motion, and we must now determine whether that denial constituted reversible error.
{¶ 33} The trial court should construe motions to amend in favor of the movant to allow the plaintiff to save the cause of action, and the granting of leave should not be withheld absent good reason. Solowitchv. Bennett (1982), 8 Ohio App.3d 115. This liberal construction is supported by the language in Civ.R. 15(A):
{¶ 34} "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires."
{¶ 35} Despite the liberal policy in granting motions to amend, the appellate review of a trial court's decision regarding a motion to amend consists of determining whether the trial judge's decision was an abuse of discretion, not whether it was the same decision we might have made. Wilmington Steel Products, Inc. v. Cleveland Electric IlluminatingCo. (1991), 60 Ohio St.3d 120, 122, citing State ex rel. Wargo v. Price
(1978), 56 Ohio St.2d 65, 10 O.O.3d 116. This appellate review has narrow limits. Id. at 122. An abuse of discretion amounts to more than an error of law or judgment but instead implies an attitude that is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157, 16 O.O.3d 169.
{¶ 36} Despite the trial court's failure to iterate reasons why it had effectively denied Schaeffer's motion to amend, we find that the motion did not comply with Civ.R. 15(A), because it was untimely. The trial date in this matter was scheduled for September 10, 2001, and Schaeffer filed her motion to amend the complaint on August 2, 2001, just slightly over one month prior to trial. The court in Frayard Seed Inc.v. Century 21 Fertilizer and Farm Chemicals (1988), 51 Ohio App.3d 158,165, noted that the most important factor in deciding whether to grant or deny a motion to amend is actual prejudice to the opposing party. In this case, the proposed amendment would have undoubtedly compelled another round of discovery geared toward the new cause of action, causing an expenditure of time and money that, in major part, would have been unnecessary had these issues been brought forth earlier.
{¶ 37} The untimeliness of the filing is a legitimate reason for a court to deny leave, and we cannot conclude the trial court displayed an arbitrary, unreasonable, or unconscionable attitude in denying the motion. Accordingly, this assignment of error is overruled.
 IV.
{¶ 38} "The trial court's determination that Appellant is not covered by uninsured motorists coverage violates Ohio Revised Code3937.18."
{¶ 39} Schaeffer asserts that Nationwide has conceded that had she been in her own vehicle when the accident occurred, she would have been covered under the uninsured motorists provision in the policy at issue and she would have been covered by said policy's med-pay coverage. Because of this, Schaeffer argues that it was a violation of R.C. 3937.18
for Nationwide to not cover her, as uninsured motorists coverage should be provided to those who are legally entitled to recover damages from owners or operators of uninsured motor vehicles.
{¶ 40} A thorough review of the record confirms Nationwide's contention that it never made such an admission. To the contrary, Nationwide has consistently contended that Schaeffer was not an "insured" under the policy, and thus no coverage was available to her.
{¶ 41} Under the relevant version of R.C. 3937.18, Ohio's uninsured motorist statute, the mandatory offering of uninsured motorist coverage is an amount equal to the amount of liability insurance provided to the insured. However, as we discussed in the first assignment of error, Schaeffer was not an insured under the policy. She was not a named insured, and she did not reside in her parents' home, thus she did not qualify for coverage as a "relative." For these reasons, we find that Schaeffer was due no coverage under the policy and the regulations of R.C. 3937.18 do not apply to her in this case.
{¶ 42} As such, we overrule Schaeffer's last assignment of error.
{¶ 43} The judgment of the trial court is affirmed.
BROGAN, J., concurs.