OPINION
{¶ 1} Appellant, Travel Safe.Com Vacation Insurance, appeals from the June 3, 2002 judgment entry of the Girard Municipal Court, which overturned the magistrate's decision and found in favor of appellee, Scott R. McElrath.
 {¶ 2} The record discloses the following facts. Appellee scheduled a vacation cruise to celebrate his eighteenth wedding anniversary. The vacation was scheduled to begin on October 8, 2001, and end on October 19, 2001. Once the vacation dates were set, appellant opted to purchase a trip cancellation insurance policy ("policy") from appellant.
 {¶ 3} The policy stated:
 {¶ 4} "Trip Cancellation coverage provides benefits for losses you incur for `trips' cancelled up to the time and date of departure. * * * We will pay this benefit if your `trip' is cancelled or interrupted due to any of these events * * *.
 {¶ 5} "* * *
 {¶ 6} "7. You being subpoenaed, required to serve on a jury, hijacked or quarantined."
 {¶ 7} Furthermore, the policy stated that "[l]osses are payable only for those events which could not have been reasonably foreseen by you, are outside your control and substantially impair your ability to travel."
 {¶ 8} On or about August 14, 2001, appellee received a notification via mail from the United States District Court of the Northern District of Ohio entitled "Juror Summons and Questionnaire Enclosed" which stated:
 {¶ 9} "This court summons you to appear for jury duty at the time and place shown. Your term of service is determined by the court. If the exact day to report is not given you will be notified later. If an exactdate is shown you must report on that day unless a phone message or othernotice tells you otherwise."
 {¶ 10} The notification did not give a specific date for appellee to report for jury duty. Instead, it explained that his possible jury duty would be determined at a later date.
 {¶ 11} At the bottom of the notification, appellee was instructed to complete the enclosed juror qualification questionnaire. The notification explained:
 {¶ 12} "If you are found to be qualified you will receive a notice to report on a certain date in the near future. If you are not found to be qualified, you will not be called for jury duty, and you need not telephone the court."
 {¶ 13} In accordance with the notification's instructions, appellee completed the juror qualification questionnaire. Under a section reserved for remarks, appellee requested that he be excused from jury duty during his scheduled vacation time. Appellee then properly mailed the juror qualification questionnaire and request to the federal court.
 {¶ 14} Upon receipt of appellee's juror qualification questionnaire and request, the jury administrator honored appellee's request and excluded him from the jury pool during his scheduled vacation dates. The jury administrator, however, did not inform appellee that he had been excused.
 {¶ 15} When appellee did not receive a written response regarding his request, he contacted the federal clerk's office. After speaking with the clerk's office, appellee claimed he was unable to receive confirmation of whether he had been excused from jury service during his scheduled vacation.
 {¶ 16} On September 19, 2001, three weeks prior to his scheduled cruise, appellee cancelled his vacation and sent a claim to appellant for coverage under the policy. Appellee maintained that he cancelled his vacation due to the possibility that he may be called upon for jury duty during his scheduled vacation time. Appellant denied appellee's claim.
 {¶ 17} Following the denial of his claim, appellee filed a complaint on March 18, 2002, in the small claims division of the Girard Municipal Court. His complaint requested judgment in the amount of $2,775, plus interest from September 19, 2001, pursuant to appellant's policy coverage for trip cancellation.
 {¶ 18} On April 23, 2002, both parties appeared before a magistrate for a small claims hearing. Part of appellee's evidence was a letter dated April 15, 2002. In the letter, the jury administrator explained that it was not the procedure of the federal court to send jurors a formal letter excusing them from service for dates they indicate unavailability. Rather, the federal court honored their request by simply not asking them to report during the indicated period. After receiving evidence and testimony at the hearing, the magistrate published a decision and report on June 3, 2002. In his decision and report, the magistrate found that, under the specific terms of appellant's insurance policy, appellee was not entitled to relief.
 {¶ 19} On the same day as the magistrate's decision, the municipal court did not adopt the magistrate's ruling and entered judgment in favor of appellee in the amount of $2,775, plus interest and other costs. The municipal court explained that the magistrate's decision was neither fair nor equitable under the circumstances.
 {¶ 20} Pursuant to the trial court's June 3, 2002 judgment entry, appellant filed a timely notice of appeal setting forth the following assignment of error for our consideration:
 {¶ 21} "The Court Erred In Reversing the Magistrate's Ruling In Favor of [appellant]."
 {¶ 22} In its sole assignment of error, appellant argues that the trial court erred in not adopting the decision of the magistrate. Appellant contends that its trip cancellation insurance policy provided coverage for canceled vacations due to a person being "required to serve on a jury." Appellant stresses that appellee did not serve on a jury, did not receive a notice to report for jury duty, and in fact, was removed from the jury pool during the period of his scheduled vacation. In this sense, appellant alleges that the August 2001 Juror Summons and Questionnaire did not require appellee to cancel his scheduled October 8, 2001 trip on September 19, 2001, in order to "make himself available" for jury duty.
 {¶ 23} Generally, when a party fails to submit a transcript of the proceedings, an appellate court is unable to determine whether the evidential exhibits were admitted into evidence. "A reviewing court cannot consider an exhibit unless the record demonstrates that the exhibit was formally admitted into evidence in the lower court." Cardonev. Cardone (May 6, 1998), 9th Dist. Nos. 18349 and 18673, 1998 Ohio App. LEXIS 2028, at 4, citing State v. Ishmail (1978), 54 Ohio St.2d 402. See, also, Moore v. Nichol (Oct. 30, 1991), 9th Dist. No. 15062, 1991 Ohio App. LEXIS 5219, at 10 (holding that the "[appellate] court cannot consider an exhibit absent a sufficient showing that it was formally admitted into evidence.")
 {¶ 24} We must note that there was no transcript or App.R. 9(C) or (D) statements submitted in this case. Often in such situations, an appealing party may not be able to demonstrate any claimed error. In some cases, an assignment of error may be supported by the findings of fact and conclusions of law issued in support of a magistrate's decision later adopted by the trial court. See DAK, PLL v. Borgerding, 10th Dist. No. 02AP-1051, 2003-Ohio-3342, at ¶ 17.
 {¶ 25} "[A] trial court is required to undertake an independent analysis to determine whether the magistrate's decision should be adopted." Wantz v. Wantz (Mar. 23, 2001), 11th Dist. No. 99-G-2258, 2001 Ohio App. LEXIS 1386, at 6-7, citing Wade v. Wade (1996),113 Ohio App.3d 414, 418. Pursuant to Civ.R. 53(E)(4)(b), "[t]he court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." Thus, the trial court's independent analysis may result in a different conclusion than that rendered by the magistrate.
 {¶ 26} In the case at bar, the trial court adopted some, but not all, of the magistrate's findings. Therefore, the trial court created a new position and made its own independent findings and conclusions, thus, overruling the magistrate's decision. As such, it is not appropriate to focus exclusively on the findings contained in the magistrate's decision since the trial court issued its independent findings and conclusion in reaching its decision in its judgment entry.
 {¶ 27} Various exhibits, including the Certificate of Insurance, the April 8, 2002 Jury Administrator's Letter from the United States District Court, Northern District of Ohio, and the Juror Summons and Questionnaire, cannot be considered by this court since the record does not demonstrate that they were formally admitted into evidence in the lower court. See Cardone, supra, at 4. Thus, our review of the language of the policies in question is limited to the portion quoted by the trial court in its brief findings. As such, the proper standard of review is whether the trial court abused its discretion in reaching its final conclusion.
 {¶ 28} State v. Montgomery (1990), 61 Ohio St.3d 410, 413 states: "[t]he term `abuse of discretion' `(* * *) connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. (* * *)' State v. Adams
(1980), 62 Ohio St.2d 151, 157 * * *." (Parallel citations omitted.)
 {¶ 29} In the instant matter, the trial court stated in its June 3, 2002 judgment entry that: "[i]t is crystal clear that [appellee] received a jury summons from a Federal Court and was required to make himself available or be subject to the sanctions of law. Accordingly, [appellee] did have a right to rescind the agreement and recover under the insurance policy provided by [appellant]." Furthermore, the trial court stresses that the policy expressly states that appellee is entitled to coverage if he has been "subpoenaed, required to serve on a jury, hijacked or quarantined." The trial court determined that appellee "was in fact required to serve on a jury by virtue of a summons * * *."
 {¶ 30} Because our review is confined to the parameters of the trial court's foregoing judgment entry, we believe that the trial court lawfully exercised its discretion by overruling the magistrate's decision and determining that appellee was required to serve on a jury.
 {¶ 31} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Girard Municipal Court is affirmed.
Judgment affirmed.
Diane V. Grendell, J., concurs.
Judith A. Christley, J., dissents with dissenting opinion.