OPINION
{¶ 1} Defendant-appellant, Shafer Commercial and Industrial Services, Inc., appeals the judgment entry of the Trumbull County Court of Common Pleas, in which the trial court reversed the magistrate's decision in part, and awarded judgment to plaintiff-appellee, J. Richard Sloan, in the amount of $42,116.38 plus allowable interest *Page 2 
as provided under law. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} Shafer is a closely held Ohio corporation, which is primarily engaged in industrial cleaning services for steel mills, chemical plants, and other heavy industry. On August 27, 1994, Sloan was hired as Shafer's Executive Vice President and Sales Manager. Shafer and Sloan entered into a written agreement under which Shafer agreed to compensate Sloan "at the rate of Seventy-Five Thousand Dollars ($75,000.00) per year, or such higher salary that the parties may mutually agree upon. As well as stock ownership and benefits as deemed appropriate."
 {¶ 3} From 1995 through 2000, Sloan was paid at least $75,000.00 in annual compensation. In years when the company did well financially, he received compensation beyond $75,000.00. After 2000, Shafer suffered a decline in revenues due to poor economic conditions. Two of Shafer's main customers filed for bankruptcy, leaving Shafer with unpaid receivables in excess of $300,000.00.
 {¶ 4} On January 5, 2001, Shafer's accountant, James D. Walker, sent a letter to Shafer's president, Nancy Shafer, recommending Shafer's three officers, Nancy, her son Gregory, and Sloan, take an immediate pay cut due to the deteriorating financial situation. This letter recommended Sloan's compensation be reduced to $50,000.00 per year. Sloan also received a copy of this letter. Accordingly, Sloan's compensation was reduced. In addition, a significant portion of Shafer's employees were laid-off. There was neither a modification of the written employment agreement nor any action taken by Shafer, the board of directors, or the shareholders to record the reduction of Sloan's compensation in writing. Besides voicing his displeasure about the pay *Page 3 
decrease, Sloan did not take any further action and continued working for Shafer for 33 additional months.
 {¶ 5} In 2001, Sloan's compensation for the year was $53,884.62. In 2002, Sloan's compensation of $75,678.59 exceeded the contractual amount of $75,000.00. In September of 2003, Sloan notified Shafer that he was resigning and left his position in October 2003.
 {¶ 6} On June 11, 2004, Sloan filed a complaint for breach of contract against Shafer. The trial court referred the case to a magistrate for trial, which was held on September 17, 2007. The magistrate's decision was issued on October 31, 2007, finding that Shafer had breached its contract with Sloan; however, the magistrate granted judgment to Shafer. The magistrate reasoned that Sloan's recovery was barred by several affirmative defenses, including acquiescence, waiver, estoppel, and laches. In particular, the magistrate found Sloan had acquiesced to the reduction in pay. He found Sloan waived his contractual compensation by continuing to work for 33 months after the pay reduction was instituted. In addition, the magistrate held that Sloan was guilty of laches by failing to enforce his contractual compensation within a reasonable period of time. The magistrate also found that since Sloan received more than $75,000.00 in 2002, he was precluded from any recovery for that year.
 {¶ 7} On November 13, 2007, Sloan filed objections to the magistrate's decision. On January 23, 2008, the trial court issued a judgment affirming the magistrate's findings that Shafer had breached its employment contract with Sloan and the findings with respect to compensation for 2002, however, the trial court rejected the magistrate's application of the affirmative defenses of acquiescence, waiver, estoppel, *Page 4 
and laches. The court found Sloan was entitled to $21,116.38 for 2001, representing the difference between this guaranteed amount and the amount he was actually paid. In addition, the trial court found Sloan was entitled to $21,000.00 for 2003, which accounts for the pro-rated amount that Sloan should have received in addition to the $42,000 he was paid for approximately 43 weeks of work in the year. The court awarded Sloan a judgment of $42,116.38 plus interest and costs.
 {¶ 8} Shafer timely appeals and raises the following assignment of error:
 {¶ 9} "[1.] The trial court erred to the prejudice of defendant-appellant in reversing the magistrate's decision and awarding judgment to plaintiff-appellee."
 {¶ 10} "The decision to adopt, reject or modify a [magistrate]'s report will not be reversed on appeal unless the decision was an abuse of discretion, which has been defined as `* * * more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Wade v. Wade (1996), 113 Ohio App.3d 414,419, quoting Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 11} "[A] trial court is required to undertake an independent analysis to determine whether the magistrate's decision should be adopted." Wantz v. Wantz, 11th Dist. No. 99-G-2258, 2001 Ohio App. LEXIS 1386, *6-*7, citing Wade, 113 Ohio App.3d at 418. Pursuant to Civ. R. 53(D)(4)(b), "the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter." McElrath v.Travel Safe.com Vacation Ins., 11th Dist. No. 2002-T-0085,2003-Ohio-7206, at ¶ 25. Consequently, "the trial court's independent analysis may result in a different conclusion than that rendered by the magistrate." Id. *Page 5 
 {¶ 12} Shafer argues that the trial court's decision relating to the affirmative defenses was unreasonable, unconscionable, and arbitrary. Contrary to Shafer's assertions, we find that the law and evidence presented reasonably supports the trial court's conclusions of law.
 {¶ 13} Shafer contends that the trial court "was wrong by not finding that Sloan and Shafer orally modified the terms of the original employment agreement." However, Shafer did not allege modification of the contract at the trial level, and this issue was neither addressed by the magistrate's decision nor the judgment entry of the trial court. Rather, the issues were limited to breach of contract and the affirmative defenses of acquiescence, waiver, estoppel, and laches. It is well-settled that an appellate court "will not consider a question not presented, considered or decided by a lower court." Kalish v. TransWorld Airlines, Inc. (1977), 50 Ohio St.2d 73, 79; State v. Childs
(1968), 14 Ohio St.2d 56, at paragraph three of the syllabus; Dostal v.Dostal, 11th Dist. No. 2001-P-0113, 2002-Ohio-2819, at ¶ 9. Therefore, we will not address this argument.
 {¶ 14} Shafer further argues that the court unreasonably, unconscionably, and/or arbitrarily failed to find that Sloan waived his right to his agreed upon compensation. Additionally, Shafer argues that Sloan acquiesced to the modified terms of the contract. Shafer maintains the acquiescence was demonstrated by Sloan's actions.
 {¶ 15} At trial, Sloan testified that he did not indicate to anyone at Shafer that he was in agreement with the reduced salary. When asked why he continued to work after his pay was decreased he responded, "I'm not sure. But I guess in the best interest of the company, and I was dedicated to the company to try and be sure that we continue to keep working." At trial, when Nancy Shafer was asked if Sloan ever agreed to the *Page 6 
pay reduction, she responded, "he didn't say he disagreed. He said he didn't like it. And I said, none of us like it. And I never heard another word about it until he filed [his complaint]."
 {¶ 16} Generally speaking, waiver is the voluntary relinquishment of a known right. State ex rel. Wallace v. State Med. Bd. of Ohio,89 Ohio St.3d 431, 435, 2000-Ohio-213. Simply because Sloan did not explicitly say he disagreed to the compensation reduction, does not mean he waived his right to the amount specified in his contract. "Before silence will be construed as a waiver of rights, * * * the duty to speak must be imperative, and the silence must clearly indicate an intent to waive, or be maintained under such circumstances that equity will impute thereto such intent. Where, however, the silence is, under the circumstances, susceptible of more than one interpretation, the waiver will not be inferred therefrom." Allenbaugh v. Canton (1940), 137 Ohio St. 128, 133.
 {¶ 17} In its independent review of the record, the court found that "[n]owhere in the record is there significant evidence that convinces this Court that the Plaintiff truly accepted [the] unilateral reduction in pay by President Shafer." The court believed that the "Plaintiff actually did the Defendant a favor by continuing to come to work instead of refusing to do so and instead creating greater potential contractual damages to the Defendant while he searched for other employment." In rendering an opinion, the trial court disagreed with the magistrate "to the extent that an employee is deemed to have waived a contractual term by virtue of his mere continuation of employment." There is sufficient evidence to support the trial court's finding that Sloan did not either voluntarily *Page 7 
or intentionally relinquish his rights to receive higher compensation under his employment contract or acquiesce to the pay decrease.
 {¶ 18} Finally, Sloan argues that it was "unreasonable for the trial court not to apply the doctrine of estoppel to preclude Sloan from recovering damages." Shafer reasons that since Sloan did not take action regarding the pay cut, besides voicing his displeasure with Nancy Shafer, his conduct misled Shafer into thinking he agreed to the pay reduction.
 {¶ 19} "Although waiver is typical of estoppel, estoppel is a separate and distinct doctrine." Chubb v. Ohio Bur. of Workers' Comp.,81 Ohio St.3d 275, 279, 1998-Ohio-628. In order to constitute a valid waiver, there must be intent, whereas, with estoppel, it is not necessary to intend to relinquish a right. Id. "Equitable estoppel prevents relief when one party induces another to believe certain facts exist and the other party changes his position in reasonable reliance on those facts to his detriment." State ex rel. Chavis v. Sycamore City School Dist.Bd. of Edn. (1994), 71 Ohio St.3d 26, 34. Thus, estoppel involves the conduct of both parties, whereas waiver depends upon what one intends to do. Chubb, 81 Ohio St.3d at 279.
 {¶ 20} The purpose of equitable estoppel is to prevent fraud and to promote the interests of justice. Ohio State Bd. of Pharmacy v.Frantz (1990), 51 Ohio St.3d 143, 145. To invoke the doctrine of equitable estoppel, a party must demonstrate the four essential elements: "1) there must be a representation by words, acts, or silence; 2) the representation must communicate some fact or state of affairs in a misleading way; 3) the representation must induce actual reliance by the other party, and such reliance must be reasonable and in good faith; and 4) the other party would suffer prejudice if *Page 8 
the representing party were not estopped or precluded from contradicting the earlier representation." Grange Mut. Cas. Co. v. Smock, 11th Dist. No. 2000-G-2293, 2001-Ohio-4335, 2001 Ohio App. LEXIS 4127 at *9. The Ohio Supreme Court has also stated "that the person claiming to have been influenced by the conduct or declarations of another party to his injury should have been destitute of knowledge of the facts, or at least * * * of any convenient and available means of acquiring such knowledge, for if he lacks such knowledge he is bound to exercise reasonable diligence to obtain it." Pedler v. Aetna Life Ins. Co. (1986),23 Ohio St.3d 7, 11, quoting 42 Ohio Jurisprudence 3d (1983), 109-110, Estoppel of Waiver, § 66.
 {¶ 21} Shafer does not meet the elements of equitable estoppel. Shafer's reliance on Sloan's continued employment, after the salary reduction, constituting acceptance of a contractual modification was neither reasonable nor in good faith. At trial, Nancy Shafer testified that at the time the salary reductions occured, she did not think a discussion took place regarding if the employees would be paid back salary once the financial situation improved. She stated she just "hop[ed] that we would regain enough customer base and do enough volume that we could all get back to making a better wage." Nancy Shafer testified that she understood, at the time of the salary reductions, Sloan could have simply quit and filed a legal action against Shafer. Nancy Shafer did not question Sloan to see if he was in agreement with the pay reductions, she did not investigate any further after he expressed his displeasure with the reductions. Shafer's accountant sent a letter recommending pay reductions and the reductions happened. The situation was never fully discussed. Nancy Shafer had ample opportunity to ask Sloan if he was in agreement with the modifications in his *Page 9 
salary, she failed to exercise reasonable diligence to learn if he was in agreement. The trial court believed that his continued employment did not mean he was in agreement with the compensation reduction. As mentioned above, the trial court believed that the "Plaintiff actually did the Defendant a favor by continuing to come to work instead of refusing to do so and instead creating greater potential contractual damages to the Defendant while he searched for other employment." The trial court held that the written contract "could have been modified and agreed to in writing by the parties, and that such an agreed written modification would have negated [Sloan's] claim in this case."
 {¶ 22} The trial court's independent analysis and conclusions are supported by law and the evidence presented at trial. Therefore, the trial court's rejection, in part, of the magistrate's decision was not unreasonable, unconscionable, or arbitrary.
 {¶ 23} Shafer's assignment of error is without merit.
 {¶ 24} For the foregoing reasons, the Judgment Entry of the Trumbull County Court of Common Pleas, awarding judgment to Sloan in the amount of $42,116.38, plus allowable interest as provided by law, is affirmed. Costs to be taxed against appellant.
 COLLEEN MARY OTOOLE, J., TIMOTHY P. CANNON, J., concur. *Page 1